## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| Tracy D. Jean-Charles, et al.,<br><br>  Plaintiffs,<br><br>v.<br><br>Deborah Marriner Anderson,<br><br>  Defendant. | Civil Action No.:  SAG-23-1041 |

**MEMORANDUM**

The Plaintiff trustees[1] have filed a motion to remand, ECF 11, contending that Defendant Deborah Marriner Anderson improperly removed this foreclosure action to federal court.  This Court has reviewed the motion and Defendant's opposition, ECF 15.  No hearing is necessary.  *See* Loc. R. 105.6 (D. Md. 2021).  For the reasons set forth below, the motion will be granted and the case will be remanded to the Circuit Court for Howard County, Maryland.

On November 29, 2017, the prior trustees initiated a foreclosure action against Defendant's property in the Circuit Court for Howard County, Maryland.  *See Charles, et al. v. Anderson*, Civ. Case No. 13C17113555.  Defendant was served with the Order to Docket and the supporting paperwork on December 18, 2017.  ECF 11-9.  Extensive litigation ensued in state court, including a hearing on a contested motion to dismiss the foreclosure.  The state court proceedings were stayed for some period because of Defendant's bankruptcy filings, the first of which occurred on February 14, 2019.  However, a foreclosure sale eventually occurred on February 24, 2023.

---

[1] The trustees named as plaintiffs on this Court's docket, Tracy D. Jean-Charles and Michael V. Kuhn, appear to have been replaced in the state foreclosure action by other trustees, Carrie M. Ward, Howard N. Bierman, Jacob Geesing, Pratima Lele, Joshua Coleman, Richard R. Goldsmith, Jr., Elizabeth C. Jones, Nicholas Derdock, Andrew J. Brenner, Angela M. Dawkins, Wayne Anthony Holman, Megh Milan Mittra, Michael Leeb, Christopher Robert Selig, and Philip Shriver.  However, because the documentation of that substitution was never filed in this Court, the case caption still contains the names of the trustees from the original state court Complaint.  This opinion simply refers to the "Plaintiff trustees" to avoid confusion.

Defendant filed a Motion to Strike the Ratification of that sale just prior to removing the foreclosure case to this Court on April 18, 2023.

"The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b). The defendant bears the burden of showing the court has jurisdiction over the removed action. *See Mulcahey v. Columbia Organic Chemicals Co.*, 29 F.3d 148, 151 (4th Cir. 1994) (citing *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92 (1921)).  Remand is proper if a defendant fails to comply with the 30-day removal window.  *See Link v. Telecomms., Inc. v. Sapperstein*, 119 F. Supp. 2d 536, 542-45 (D. Md. 2000) ("A defect in removal procedure renders a case improperly removed. If a defendant does not comply with the thirty-day removal period set forth in § 1446(b), then the court does not need to address the substantive grounds for removal.").

The court strictly construes removal statutes because "the removal of cases from state to federal court raises significant federalism concerns." *Barbour v. Int'l Union*, 640 F.3d 599, 605 (4th Cir. 2011) (*en banc*), abrogated in part on other grounds by 28 U.S.C. § 1446(b)(2)(B); *see Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09 (1941). "[A]ny doubt about the propriety of removal should be resolved in favor of remanding the case to state court." *Barbour*, 640 F.3d at 617.

Here, there is no question that the April 18, 2023 removal notice was filed more than five years after the 30-day period for removal expired in January of 2018.   Accordingly, this Court must remand the case to the Circuit Court for Howard County. A separate order follows.

<u>June 14, 2023</u>                                            <u>            /s/                        </u>
Date                                                                    Stephanie A. Gallagher
                                                                              United States District Judge

2